

| | |
|---|---|
| 1450 Raleigh Road<br>Suite 100<br>Chapel Hill, NC 27517 | Erik R. Zimmerman<br>EZimmerman@rbh.com<br>T: 919.328.8826 |

January 2, 2026

The Honorable Nwamaka Anowi
Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

      Re:    *Jiang v. Duke University*, No. 25-1184

Dear Madam Clerk:

      Pursuant to Rule 28(j), defendants-appellees (Duke) respectfully submit the following supplemental authorities: *Seabrook v. Driscoll*, 148 F.4th 264 (4th Cir. 2025), and *Katti v. Arden*, No. 24-2054, 2025 WL 3455397 (4th Cir. Dec. 2, 2025). These decisions confirm that, in this case, Dr. Jiang has not alleged a plausible claim of employment discrimination. *See* Duke Br. 28-44, 50-56.

      In *Seabrook*, this Court affirmed the dismissal of a Title VII claim. 148 F.4th at 270-71. The plaintiff alleged that her employer disciplined her because of her race, color, and sex. *Id.* at 269. But the plaintiff was disciplined after an investigation revealed she had committed misconduct. *Id.* at 268. This Court held that the plaintiff's factual allegations did not plausibly show that her discipline stemmed from discrimination, as opposed to the investigation. *Id.* at 270. The plaintiff's allegations that she was treated differently from her white colleagues also lacked enough factual detail to support a claim. *Id.* at 271.

      Likewise, in *Katti*, this Court affirmed the dismissal of a claim under 42 U.S.C. § 1981. 2025 WL 3455397, at *6-7. The plaintiff, a university professor, alleged that the defendants denied him tenure because of his race. *Id.* at *1. But the plaintiff's allegations lacked enough factual detail to show that he was similarly situated to white professors who had received tenure. *Id.* at *5-6. This Court also stressed that, to preserve academic freedom, courts should abstain from second-guessing universities' professional judgments. *Id.* at *3-4.

Robinson, Bradshaw & Hinson, P.A.
robinsonbradshaw.com

The Honorable Nwamaka Anowi
January 2, 2026
Page 2

---

      *Seabrook* and *Katti* show that Dr. Jiang's discrimination claims under Title VII and section 1981 fail as well.  As in *Seabrook*, Dr. Jiang's complaint does not allege any facts that show that the adverse actions here stemmed from discrimination, as opposed to the results of Duke's research audits.  *See* Duke Br. 34-37.  As in *Seabrook* and *Katti*, Dr. Jiang's allegations about the treatment of other employees lack the factual details that are needed to state a plausible claim.  *See id.* at 26-29, 51-54.  Finally, as in *Katti*, Dr. Jiang's claims threaten academic freedom by second-guessing Duke's professional judgment on the appropriate methods and standards for clinical research.

Respectfully submitted,

/s/ Erik R. Zimmerman
Erik R. Zimmerman

*Counsel for Defendants-Appellees*