

Valerie L. Bateman
209 Lloyd St
Suite 350
Carrboro, NC 27510
919.810.3139
valerie@newsouthlawfirm.com

*Via ECF-CF filing*

January 21, 2026

The Honorable Nwamaka Anowi
Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

Re:   *Jiang v. Duke University*, No. 25-1184

Dear Madam Clerk:

Pursuant to Fed. R. App. P. 28(j), Plaintiff–Appellant respectfully responds to Defendants' January 2, 2026, supplemental authority submission.

On January 20, 2026, the Supreme Court decided *Berk v. Choy*, No. 24-440, 2026 U.S. LEXIS 497, reversing dismissal of a state-law claim in federal court based on heightened, extra-pleading evidentiary requirements. *Berk* holds that when the Federal Rules answer the question of what is required at the pleading stage, courts may not impose additional factual or evidentiary demands inconsistent with Rules 8 and 12. *Id*. at *3–11.

The Court reaffirmed that dismissal at the pleading stage must rest solely on the plausibility of the complaint's factual allegations, not on a plaintiff's failure to supply corroborating proof or detailed comparator evidence. *Id*.

*Berk* directly limits the reach of Defendants' cited cases, *Seabrook v. Driscoll*, 148 F.4th 264 (4th Cir. 2025), and *Katti v. Arden*, 2025 WL 3455397 (4th Cir. Dec. 2, 2025). To the extent Defendants rely on those decisions to argue that Dr. Jiang was required at the pleading stage to allege detailed comparator facts or negate alternative explanations for Duke's actions, *Berk* makes clear that such heightened requirements are improper. A plaintiff need only allege facts plausibly supporting discrimination; evidentiary testing belongs at summary judgment, not on a motion to dismiss.

Moreover, *Berk* cautions against reframing pleading rules in the name of institutional deference. *Id*. at *8–10. Berk cautions against reframing pleading

Letter to the Honorable Nwamaka Anowi
January 21, 2026
Page 2

---

standards to justify dismissal based on institutional deference at the outset of litigation.

Accordingly, *Berk* confirms that Dr. Jiang's allegations must be accepted as true and evaluated under ordinary Rule 12(b)(6) standards, and it undercuts Defendants' attempt to extend *Seabrook* and *Katti* beyond their proper procedural posture.

Respectfully submitted,

*Valerie L. Bateman*

Valerie L. Bateman
NEW SOUTH LAW FIRM

*Counsel for Plaintiff-Appellant*